**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re IRENE H. LIN,<br><br>        Debtor, | Bankruptcy Action No. 13-20829 (KCF) |
| IRENE H. LIN,<br><br>        Appellant,<br><br>        v.<br><br>BARRY R. SHARER, TRUSTEE,<br><br>        Appellee. | ON APPEAL FROM THE<br>BANKRUPTCY COURT OF THE<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 15-1335 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Barry R. Sharer, Trustee's ("Appellee" or "Trustee") motion to dismiss the appeal of Irene H. Lin ("Appellant" or "Debtor") and for the imposition of sanctions upon Debtor's attorney, Jay J. Lin, Esq., pursuant to 28 U.S.C. § 1927 and Rule 8020(a) of the Federal Rules of Bankruptcy Procedure. (ECF No. 7.) In the Notice of Appeal, Debtor asserts that she is appealing the following three "Orders" of the Bankruptcy Court: "(1) Order entered February 18, 2014, (2) Order entered June 19, 2014, and (3) Order entered February 9, 2015." (ECF No. 1.) After careful consideration of the parties' submissions, and for the reasons set forth below, the Court grants Appellee's motion to dismiss Debtor's appeal and for the imposition of sanctions upon Debtor's attorney.

I. <u>Motion to Dismiss Debtor's Appeal[1]</u>

    A.     **Appeal Is Untimely As to the February 18, 2014 and June 19, 2014 Orders**

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), absent a request to extend the time to appeal, a notice of appeal must be filed within fourteen days of the date of the entry of the order appealed from. Fed. R. Bankr. P. 8002(a)(1). Here, without moving to extend the time to file the notice of appeal, Appellant filed the notice of appeal more than one year after the February 18, 2014 Order and nearly eight months after the June 19, 2014 Order. Thus, the appeal of the February 18, 2014 and June 19, 2014 Orders is untimely. Accordingly, given that the "prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional," *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011), the Court lacks jurisdiction to hear an appeal of these Orders.

    B.     **February 9, 2015 Entry of Default is Not an Appealable Order**

The Notice of Appeal states that Debtor also appeals the "Order entered February 9, 2015." Describing this Order, Debtor states that the "Bankruptcy Court granted Trustee's Motion for Summary Judgment by Default." (Appellant's Opp'n to MTD Br. 9, ECF No. 5-1.) The "Order" was, however, an "entry of default" by the Court Clerk not a "summary judgment" decision. (Attachment 3 to Appellant's Opp'n to MTD, ECF No. 5-2.) "The entry of default is not an appealable order." *In re Lam*, 192 F.3d 1309, 1311 (9th Cir. 1999); *see also In re Supplies & Serv., Inc.*, 461 B.R. 699, 704 (1st Cir. 2011) ("A bankruptcy court's refusal to set aside an entry of default under Fed.R.Civ.P. 55(c) prior to entry of judgment is generally interlocutory and not appealable."); *United States v. Tucker*, 5 F. App'x 23, 24 (2d Cir. 2001) (requiring appellant to file

---

[1] The Court assumes familiarity with the facts, which are set forth in detail in *Lin v. Neuner*, No. 14-5230 (FLW) (D.N.J. April 16, 2015).

2

a motion in district court to set aside the default judgment before appealing the district's court entry of the default judgment to the Court of Appeals). "[A] party may not challenge the entry of default in the first instance in an appellate court; rather, a party must first file an appropriate motion in the court where the default was entered." *In re Lam*, 192 F.3d at 1311; *see also In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) ("To challenge a default judgment, the movant must first reopen the case in the court where the default was taken.")

Accordingly, the Court grants the Trustee's motion to dismiss and dismisses Debtor's appeal.

## II. Motion for Sanctions

### A. 28 U.S.C. § 1927 Sanctions

Section 1927 provides that "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions pursuant to § 1927, a court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prosser*, 777 F.3d 155, 162 (3d Cir. 2015).

Here, Debtor's attorney has already filed three separate appeals regarding his client's bankruptcy proceedings. All three of these appeals were dismissed for failure to follow the applicable rules of procedure. Specifically, this court dismissed Debtor's prior appeals for failure to file within the applicable time limits (*Lin v. Neuner*, No. 14-5230 (FLW) (D.N.J. April 16, 2015)); failure to demonstrate jurisdiction (*Lin v. Sharer*, No. 14-1819 (MAS) (D.N.J. Oct. 10, 2014)); and failure to designate any record for appeal (*Lin v. Neuner*, No. 14-4202 (JAP) (D.N.J.

3

July 10, 2014)). Moreover, Debtor has already appealed two of the three Orders now on appeal: Debtor appealed the February 18, 2014 Order denying removal of the Trustee for cause in *Lin v. Sharer*, No. 14-1819 (MAS) (D.N.J. Oct. 10, 2014), and Debtor appealed the June 19, 2014 Order granting the motion to dismiss the Adversary Proceeding Complaint in *Lin v. Neuner*, No. 14-5230 (FLW) (D.N.J. April 16, 2015). Counsel's repeated failure to follow applicable procedural rules and duplicative appeals have multiplied proceedings in an unreasonable and vexatious manner thereby increasing the costs of the proceedings.

Furthermore, given that this court's decisions on Debtor's previous appeals have addressed the procedural requirements for appeals – namely the time limits for filing an appeal – the Court finds that counsel acted in bad faith by appealing Orders that were entered months ago. Thus, recognizing that a "court should exercise this sanctioning power only in instances of serious and studied disregard for the orderly process of justice," the Court finds this to be an instance where such sanctions are warranted. *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015) (quoting *LaSalle Nat'l Bank v. First Conn. Holding Grp. LLC*, 287 F.3d 270, 288 (3d Cir. 2002).

**B.    Federal Rule of Bankruptcy Procedure 8020(a) Sanctions**

Federal Rule of Bankruptcy Procedure 8020(a) provides that "[i]f a district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a). As discussed above, here the Court finds that Debtor's attorney was well aware that an appeal of the February 18, 2014 and June 19, 2014 Orders was untimely, and thus frivolous. In addition, the Court finds that it was frivolous for Debtor's attorney to appeal an entry of default judgment without first bringing a motion to vacate in Bankruptcy Court. Counsel cannot simply ignore the proceedings in Bankruptcy Court and then appeal to this

court. Accordingly, the Court finds that this appeal is frivolous. In addition, given that the request for sanctions was made in a separate motion, specifically entitled "Motion to Dismiss Appeal and for Sanctions" the Court finds that Rule 8020(a)'s procedural requirements have been satisfied. Fed. R. Bankr. P. 8020(a). Despite having the opportunity to do so, Debtor's attorney has not offered any explanation as to why the appeal of an entry of default judgment and two Orders issued nearly a year ago is non-frivolous. Thus, the Court finds that the filing of this appeal warrants sanctions.

### III. Conclusion

For the reasons set forth above, the Court grants Appellee's Motion to Dismiss Debtor's Appeal and for Sanctions. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2015